City of Howard v. Stroud.

---

No. 12,443.

THE CITY OF HOWARD, *Appellee*, v. R. J. STROUD, *Appellant*.*

Appeal from Elk district court; C. W. SHINN, judge. Opinion filed June 8, 1901. Affirmed.

*John Marshall*, and *J. F. Deal*, both of Howard, for the appellant.

*R. H. Nichols, J. E. Brooks*, both of Sedan, and *Sol L. Long*, of Grenola, for the appellee.

---

* NOTE.—This case was not reported in full when the opinion was filed (see 63 Kan. 883), and is reported here because it was cited in the case of *The State v. Shumaker*, ante, p. 741.

*Per Curiam*: The defendant, R. J. Stroud, was arrested and tried in the police court of the city of Howard under an ordinance of said city providing as follows:

"Any person who shall, within the corporate limits of the city of Howard, assault another person, or assault and beat another person, or who shall wrangle, quarrel, fight or challenge with another person, or who shall incite or provoke others to wrangle, quarrel or fight, or who shall use any abusive or indecent language, menaces or threats of violence, or who shall use insulting language calculated to provoke a breach of the peace, or who shall be guilty of violent, turbulent or tumultuous conduct, or conduct offensive to others, or who shall make any loud, unusual and unnecessary noises, or who shall use any profane, obscene or indecent language in any public street, lane or alley or any public place in the city shall be fined in any sum not exceeding one hundred dollars and costs."

The trial resulted in a conviction. Defendant appealed to the district court, was there tried, again convicted and sentenced to pay a fine of five dollars and costs. Defendant appeals.

That the defendant did curse, swear at, wrangle with and abuse the prosecuting witness, George W. Orth, in the office of the Metropolitan hotel in the city of Howard, is not only found by the verdict of the jury, but is established beyond all question by the testimony in the record. The only question, therefore, in this case is whether the office of the Metropolitan hotel is a public place within the contemplation of the ordinance under which defendant was prosecuted. The trial court instructed the jury that it was. In this we find no error.

Judgment affirmed. All the justices concurring.